JOHN L. GOULD et al. vs. NORTHERN PACIFIC R. Co.

C. S. DOBBYN vs. SAME.

Submitted on briefs June 15, 1892.   Decided July 15, 1892.

Verdict Justified by Evidence.

Evidence held to justify verdict in an action for negligent setting of fire on railroad right of way.

Appeals by defendant, the Northern Pacific Railroad Company, from judgments of the District Court of Stevens County, C. L. Brown, J., entered January 6, 1892.

These two actions were tried together in the court below. They were brought by plaintiffs C. S. Dobbyn and John L. Gould and Albert Lillie, partners as John L. Gould & Co., to recover damages

for the destruction of fence posts and timber belonging to plaintiffs, by a fire claimed to have been negligently set on the right of way of defendant's road by workmen, alleged to be section men in the employ of defendant. The evidence tended to show that on May 9, 1891, men working on the right of way of the road adjacent to Dobbyn's tract of land, set a fire there in the dry hazel brush, and fed it with hazel brush and dry ties; that between the track and plaintiff's property there was a great deal of dry grass and dry brush and other timber; that there was a heavy wind blowing from the track, and that the fire spread through this grass and brush to the land of Dobbyn, and thence to the land of Gould & Co., destroying trees and posts and cordwood piled on the land and belonging to the plaintiffs. Dobbyn had a verdict for $103.72, and Gould & Co. a verdict for $218.31. Judgments were entered on the verdicts, and from these judgments, defendant appealed.

*Tilden R. Selmes,* for appellant.

*George E. Darling,* for respondent.

DICKINSON, J. These cases involved the same issue, were tried together, and were presented together on this appeal. The actions are for the recovery of damages for the negligence of the defendant's sectionmen in setting a fire on its right of way, which spread to the adjacent lands of the plaintiffs. Upon a mere reading of the evidence, it is at once apparent that it was sufficient to justify the conclusions (1) that the defendant's sectionmen set the fire while acting within the scope of the ordinary duties of such servants, and as a means of performing such duties; and (2) that this was done under such circumstances that it was culpable negligence. The assignments of error, in which the appellant asserts the contrary, deserve no further consideration.

The judgments in both cases are affirmed.